# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SASHA A. SCROGGS | Case Number: CR99-80L-002 |
| | Scott J. Engelhard |
| | Defendant's Attorney |

FILED ___ LODGED ___ RECEIVED
7/12/99 ENTERED

JUL 09 1999
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**THE DEFENDANT:**

_X_ pleaded guilty to **the Information on March 17, 1999**.

___ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1028(a)(1) | Producing False Identification Documents | 8/9/98 | I |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).

___ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

Defendant's Date of Birth: **7/31/77**

_Joanne Y. Maida_, Assistant United States Attorney

Defendant's Mailing Address:

**17211 D St. SE**

**Auburn, WA 98002**

**July 9, 1999**
Date of Imposition of Sentence

_ROBERT S. LASNIK_, UNITED STATES DISTRICT JUDGE

July 9, 1999
Date

Defendant's Residence Address:

**Same**

(margin notation: CPC, RSL, USMO, USPO, PTS, Jgm BK, FS)

37

Defendant:      SASHA A. SCROGGS                    Judgment--Page  2  of  6
Case Number:    CR99-80L-002

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS AND ONE (1) DAY.**

\_\_\_ The Court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
\_\_\_ The defendant shall surrender to the United States Marshal for this district,
    \_\_\_ at _____ a.m.\p.m. on _____.
    \_\_\_ as notified by the United States Marshal.
\_\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    \_\_\_ before 2 p.m. on _____.
    \_\_\_ as notified by the United States Marshal.
    \_\_\_ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                                                    United States Marshal

                       By: _____
                                                      Deputy Marshal

Defendant:   SASHA A. SCROGGS                         Judgment--Page _3_ of _6_
Case Number: CR99-80L-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

 ___ The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

_X_ The defendant shall not possess a firearm or destructive device as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in Criminal Monetary Penalties herein.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on following page). The defendant shall comply with the additional conditions below:

_X_ The defendant shall submit to a search of her person, residence, office, property, or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

_X_ The defendant shall participate as instructed by a probation officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if he has reverted to the use of drugs or alcohol. <u>She shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision.</u>

_X_ The defendant shall participate as directed in a mental health program approved by the probation office.

_X_ The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of her federal income tax returns.

**(ADDITIONAL CONDITIONS FOLLOW ON PAGE 4)**

Defendant: SASHA A. SCROGGS  
Case Number: CR99-80L-002

Judgment--Page 4 of 6

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

_X_ The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

_X_ The defendant shall not obtain or possess any driver's license, social security number, birth certificates, passport, or any other form of identification, without the prior written approval of the probation officer. The defendant shall not use, for any purpose or in any manner, any name other than her true legal name.

_X_ The defendant shall write letters of apology to victims Carolyn Hanson, Suzanne Grogan, Shannon Daly, and Martha Harris, and to each of three consumer credit reporting agencies on behalf of each of these victims, utilizing the format outlined in Exhibit A of the Government's Supplemental Sentencing Memorandum dated July 7, 1999. The defendant shall forward said letters to the United States Attorney, Victim Witness Unit, at the address indicated therein.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:     SASHA A. SCROGGS                                Judgment--Page  5  of  6
Case Number:   CR99-80L-002

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on the following page.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| **TOTALS:** | $100.00 | $ -0- | $75,487.84 |

____  If applicable, restitution amount ordered pursuant to plea agreement     $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_X_ The Court finds that the defendant does not have the ability to pay a fine.
___ The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   ___ The interest requirement is waived.
   ___ The interest requirement is modified as follows:

## RESTITUTION

___ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

_X_ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|------------------------------|----------------------------------------|
|               |                      | SEE ATTACHMENT A             |                                        |
| **Totals:**   | $ _____       | $ 75,487.84                  | % _____                         |
|               |                      | ___ No _✓_ Yes joint and several with Jered J. Carter (CR99-80L-001) |  |

_X_ The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   _X_ The interest requirement is waived.
   ___ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Defendant:     SASHA A. SCROGGS                          Judgment--Page _6_ of _6_
Case Number:   CR99-80L-002

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  _X_   in full immediately. **The United States Secret Service shall remit all monies seized from defendant to the U.S. District Clerk to be applied to court-ordered financial obligations.**

B  _X_   <u>unpaid amounts due                          </u> immediately, with any unpaid amount to be deducted from defendant's inmate recovery payment program while incarcerated, and remaining balance due (in accordance with C, D, or E); or

C  ___   not later than _____; or

D  _X_   in monthly installments to be paid during any period of supervision as directed by defendant's U.S. probation officer. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate; or

E  ___   in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ ____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

Make check payable to **United States District Court Clerk**. The Court will forward money received to the payee(s) on the preceding page of this judgment.

___   The defendant shall pay the cost of prosecution.

___   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the Court, probation officer, or the United States attorney.

# RESTITUTION

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| KeyBank<br>Ted Bjork, Corporate Security<br>MS: WA-31-03-1478<br>P.O. Box 1816<br>Tacoma, WA 98401 | $1,878.69 | $1,878.69 | |
| American Express<br>Security Department<br>222 Kearny Street, Suite 406<br>San Francisco, CA 94108 | $1,044.25 | $1,044.25 | |
| Dayton Hudson<br>Attn: Corporate Security<br>777 Nicolett Mall<br>Minneapolis, MN 55402-2055 | $522.38 | $522.38 | |
| Nordstrom Card<br>Attn: Brian Larsen<br>Fraud Department<br>P.O. Box 6589<br>Englewood, CO 80155-6589 | $429.99 | $429.99 | |
| RNB Mervyn's Card<br>c/o Credit Services/Fraud<br>DHOC, MS: 4A-U<br>3701 Wayzata Blvd.<br>Minneapolis, MN 55416 | $495.00 | $495.00 | |
| The Keg<br>Security/Fraud Division<br>14655 Bel-Red Road, Suite 102<br>Bellevue, WA 98007 | $130.00 | $130.00 | |
| Office Max<br>3604 Warrensville Center Road<br>Shaker Heights, OH 44122-5202 | $94.19 | $94.19 | |
| U.S. Bank<br>Attn: Wendy Segundo, Investigator<br>Corporate Security Dept.<br>P.O. Box 40188<br>Portland, OR 97240 | $3,500.06 | $3,500.06 | |

ATTACHMENT A
Page 1 of 7

| | | |
|---|---|---|
| Washington Mutual<br>Attn: Paul Du Fresne<br>    Corporate Security<br>1201 3rd Avenue, WMT 1901<br>Seattle, WA 98101 | $2,191.86 | $2,191.86 |
| Cary Lang Construction, Inc.<br>34618 11th Place S.<br>Federal Way, WA 98003 | $530.13 | $530.13 |
| Seafirst Bank<br>NW Loss Prevention & Awareness<br>FAB 10, P.O. Box 34563<br>Seattle, WA 98124-1563<br>Case # 98006792 | $410.34 | $410.34 |
| Premier Concepts, Inc.<br>Attn: Jean S. Peterson<br>5792 - 88th Street S.W.<br>Mukilteo, WA 98275 | $2,265.68 | $2,265.68 |
| Seafirst Bank<br>NW Loss Prevention & Awareness<br>FAB 10, P.O. Box 34563<br>Seattle, WA 98124-1563<br>Case # 98005916 | $4,264.17 | $4,264.17 |
| Future Shop #17<br>Attn: Corporate Security<br>(Victim/Witness Unit, USAO will provide address) | $3,542.96 | $3,542.96 |
| Future Shop Southcenter<br>Attn: Corporate Security<br>400 Strander Blvd.<br>Seattle, WA 98196 | $386.57 | $386.57 |
| Geri Bartholomew<br>20225 8th Avenue NE<br>Seattle, WA 98155 | $186.69 | $186.69 |
| Universal Card Services Corp.<br>Attn: Lucinda G. Copp<br>    Fraud Investigator<br>P.O. Box 45253<br>Jacksonville, FL 32232 | $3,559.80 | $3,559.80 |

**ATTACHMENT A**
Page 2 of 7

| | | |
|---|---|---|
| Discover Card<br>Attn: Jessica Stout, Supervisor<br>   Restitution Dept.<br>Discover Financial Services<br>P.O. Box 29024<br>Phoenix, AZ 85038-9024 | $1,453.51 | $1,453.51 |
| First USA Bank<br>Attn: Security Dept.<br>3 Christiana Center<br>201 N. Walnut Street<br>Wilmington, DE 19801 | $3,500.00 | $3,500.00 |
| Hall Truck Center<br>11222 E. Marginal Way S.<br>Seattle, WA 98168 | $2,547.15 | $2,547.15 |
| Key Bank<br>Dana Andrews<br>  Sr. Fraud Investigator<br>  Corporate Security<br>P.O. Box 2013<br>Toledo, OH 43603 | $1,385.34 | $1,385.34 |
| Lake Stevens Shingle, Inc.<br>Attn: Mark Schoonover<br>   or Ken Tracey<br>4813 123rd Avenue NE<br>Lake Stevens, WA 98258 | $3,143.97 | $3,143.97 |
| Seafirst<br>NW Loss Prevention & Awareness<br>FAB 10, P.O. Box 3977<br>800 5th Avenue<br>Seattle, WA 98124 | $1,250.00 | $1,250.00 |
| Marriott Residence Inn<br>Seattle NE<br>11920 NE 195th Street<br>Bothell, WA 98011 | $214.38 | $214.38 |
| JC Penney<br>Credit Service Center<br>Attn: B. Peterson<br>Risk Management Dept.<br>9360 Ensign Avenue South<br>Bloomington, MN 55438-1698 | $1,710.34 | $1,710.34 |

**ATTACHMENT A**
Page 3 of 7

| | | |
|---|---|---|
| Novus Services, Inc.<br>(Discover Card)<br>Attn: Jessica Stout, Supervisor<br>    Restitution Dept.<br>Discover Financial Services<br>P.O. Box 29024<br>Phoenix, AZ 85038-9024 | $6,650.51 | $6,650.51 |
| American Express<br>Security Department<br>222 Kearny Street, Suite 406<br>San Francisco, CA 94108 | $53.86 | $53.86 |
| Micro Computer Systems<br>Attn: Gary F. Wagar<br>2615 184th Street SW #105<br>Lynnwood, WA 98036 | $4,319.02 | $4,319.02 |
| JC Penney<br>Credit Service Center<br>Attn: B. Peterson<br>Risk Management Dept.<br>9360 Ensign Avenue South<br>Blommington, MN 55438-1698 | $213.57 | $213.57 |
| Novus Services, Inc. (Sears Card)<br>Attn: Debi Fox Scot<br>    Senior Fraud Investigator<br>Security Dept.<br>P.O. Box 29024<br>Phoenix, AZ 85038-9024 | $796.83 | $796.83 |
| Bon Marche<br>Fraud Investigations<br>9111 Duke Blvd.<br>Mason, OH 45040<br>(800) 884-9168 | $95.99 | $95.99 |
| Fred Meyer<br>P.O. Box 42121<br>Portland, OR 97242<br>Attn: Ginger Neil | $1,170.60 | $1,170.60 |
| Chevron Card Services<br>Fraud Unit<br>P.O. Box 5010<br>Concord, CA 94524 | $244.42 | $244.42 |

**ATTACHMENT A**
Page 4 of 7

| | | |
|---|---|---|
| Costco Wholesale<br>Attn: John Detlor<br>Wherehouse Operations<br>999 Lake Drive<br>Issaquah, WA 98027 | $1,213.07 | $1,213.07 |
| Seafirst<br>Sheila Morgan-Tapp, VP<br>Seafirst Bank<br>  NW Loss Prevention & Awareness<br>WA1-501-10-60<br>P.O. Box 34563<br>Seattle, WA 98124-1563 | $4,319.02 | $4,319.02 |
| North Seattle Women's Specialists<br>Attn: Christal K. Nelson<br>1801 N.W. Market Street, Suite 200<br>Seattle, WA 98107 | $459.28 | $459.28 |
| Radioshack 01-3364<br>Alderwood Mall 418<br>3000 184th Street SW<br>Lynnwood, WA 98037 | $200.89 | $200.89 |
| Radioshack 01-3768<br>Mill Creek Square Shopping Center<br>1018 164th Street SE A22<br>Mill Creek, WA 98012 | $122.63 | $122.63 |
| First USA Visa<br>Attn: Corporate Security<br>P.O. Box 530 800<br>Atlanta, GA 30353-0800 | $1,056.62 | $1,056.62 |
| Half-Price Books<br>(Victim/Witness Unit, USAO will<br>provide address) | $471.60 | $471.60 |
| Pier 1 Imports<br>(Victim/Witness Unit, USAO will<br>provide address) | $179.19 | $179.19 |
| Kinney Shoes<br>(Victim/Witness Unit, USAO will<br>provide address) | $86.80 | $86.80 |

**ATTACHMENT A**
Page 5 of 7

| | | |
|---|---|---|
| Carlton Cards<br>(Victim/Witness Unit, USAO will provide address) | $48.27 | $48.27 |
| Imaginarium<br>(Victim/Witness Unit, USAO will provide address) | $127.29 | $127.29 |
| Optical Express<br>(Victim/Witness Unit, USAO will provide address) | $225.18 | $225.18 |
| Eagle Hardware<br>(Victim/Witness Unit, USAO will provide address) | $196.36 | $196.36 |
| City Vacuum & Sewing Center, Inc.<br>20001 Aurora Ave N.<br>Seattle, WA 98133 | $262.26 | $262.26 |
| Sherry Goodrich<br>18212 36th Avenue W. #J7<br>Lynnwood, WA 98037 | $2,104.00 | $2,104.00 |
| Sprint PCS<br>Attn: Brady Samson<br>    Accounts Receivable<br>4950 College Blvd.<br>Overland Park, KS 66211 | $459.19 | $459.19 |
| Suzanne Grogan<br>700-B Valley Westside Road<br>Colville, WA 99114 | $2,652.57 | $2,652.57 |
| Novus Financial<br>Attn: Kevin Geiger<br>    Senior Fraud Specialist<br>P.O. Box 5002 | $1,943.00 | $1,943.00 |
| Mama Vallone's<br>Attn: Lexi<br>302 W. 1st Street<br>Cle Elum, WA 98922 | $148.07 | $148.07 |

**ATTACHMENT A**
Page 6 of 7

| | | |
|---|---|---|
| Stenciled Goose<br>1714 Canyon Road<br>Ellensburg, WA 98926<br>Attn: Chris Matthews | $225.57 | $225.57 |
| Wood's Ace Hardware<br>301 N. Pearl<br>Ellensburg, WA 98926<br>Attn: Norma | $243.34 | $243.34 |
| Rubber Stamp Expressions<br>(Victim/Witness Unit, USAO will provide address) | $20.62 | $20.62 |
| Johnson's Auto Glass<br>(Victim/Witness Unit, USAO will provide address) | $623.77 | $623.77 |
| Compusave<br>19804 Hwy 99<br>Lynnwood, WA 98036 | $3,917.00 | $3,917.00 |
| **Totals:** | **$ 75,487.84** | **$ 75,487.84** |

**ATTACHMENT A**
Page 7 of 7